IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **PARKER EDMISTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **5:05-cv-1099-UWC** |
| **VERIZON DIRECTORIES CORP.,** ) | |
| **VERIZON DIRECTORIES SALES-** ) | |
| **WEST, INC., VERIZON** ) | |
| **DIRECTORIES SERVICES-** ) | |
| **WEST, INC., and BARRY** ) | |
| **BARRETT, an individual,** ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff Parker Edmiston, a resident of Alabama, ("Plaintiff") initially filed this action in the Circuit Court of Jackson County, Alabama, against Defendants Verizon Directories Corporation, Verizon Directories Sales West, Inc., and Verizon Directories Services West, Inc. (collectively, "Verizon"), all of which are foreign corporations doing business in the state of Alabama. Plaintiff also named Barry Barrett as a Defendant; Barrett is a resident of Kentucky and he worked as a sales representative for Verizon. Plaintiff's central complaint is that Defendants caused numerous mistakes to appear in an advertisement for Plaintiff's business that was included in a Verizon telephone directory. Particularly, Plaintiff seeks damages for alleged breach of contract, negligence, breach of warranty,

intentional interference of business relations, and misrepresentation.  Plaintiff asked for an unspecified amount of compensatory and punitive damages for each count.  Defendant removed this action based on this Court's purported diversity jurisdiction.  (*See* Doc. 1, Notice of Removal at p. 3.)

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In determining whether a federal court has jurisdiction over a diversity action "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to invoke a federal court's diversity jurisdiction, the plaintiff must assert complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).   The plaintiff satisfies the amount in controversy requirement by claiming, in good faith,  a sum in excess of $75,000.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the

jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)(abrogated on other grounds).

## ANALYSIS

The requisite amount in controversy for diversity jurisdiction has not been established for the following reasons.

First, Plaintiff did not specify in his complaint the amount of money damages he seeks.

Second, Defendant has not sufficiently shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its notice of removal, Defendant argues that "[t]he amount in controversy clearly exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs." (*See* Doc. 1, Notice of Removal at p. 4.) Defendant also argues that the separate counts of Plaintiff's complaint may be aggregated to determine whether the requisite jurisdictional minimum exists, because Plaintiff seeks an unspecified amount of compensatory and punitive damages as to each count. (*Id.* at p. 5.) Defendant next argues "it appears that should Plaintiff prevail his recovery would exceed $75,000.00 in the aggregate." (*Id.* at p. 6.) Finally, Defendant points out that no where in Plaintiff's complaint does he limit his damages to less than $75,000.00, and that no serious argument can be advanced that the amount in controversy does not exceed $75,000.00. (*Id.* at p. 7.)

Defendant's arguments are not persuasive. Because Plaintiff claims an indeterminate amount of compensatory and punitive damages, this Court can not indulge in the speculation that Plaintiff's claims exceed $75,000. *See Cohen v. Office Depot, Inc.*, 304 F.3d 1069 (2000). Accordingly, this Court is without diversity subject matter jurisdiction over this action.

## CONCLUSION

By separate order, this action will be dismissed and remanded to the Circuit Court of Jackson County, Alabama.

Done this 7th day of June, 2005.

_____
U.W. Clemon
Chief United States District Judge